08 CV 03301

JUDGE LYNCH

Martin F. Casey (MFC-1415)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY          08 Civ.
a/s/o FANCY THAT GIFT & DECOR

      Plaintiff,                                                      **COMPLAINT**

      - against -

M/V WAN HAI 313, her engines, boilers, tackle,
furniture, apparel, etc. *in rem*; WAN HAI LINES
(SINGAPORE) PTE. LTD., WAN HAI LINES LTD.,
and JENSON LOGISTICS, INC., *in personam*,

      Defendants.
-----------------------------------------------------------X

RECEIVED APR 02 2008 U.S.D.C. S.D.N.Y. CASHIERS

      Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

      2.     At all material times, Fireman's Fund Insurance Company (hereinafter "FFIC") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 1 Chase Manhattan Plaza, 37th Floor, New York, New York 10005 and is the subrogated underwriter of a consignment of gift items laden on board the M/V WAN HAI 313, as more fully described below.

3. At all material times, Fancy That Gift & Decor (hereinafter "Fancy That") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 2210 N Church St, Greensboro, North Carolina 27405 and was the owner of a consignment of gift items laden on board the M/V WAN HAI 313, as more fully described below.

4. At all material times, Defendant, WAN HAI LINES (SINGAPORE) PTE. LTD. (hereinafter "WHLS") was and is a foreign corporation with an office and place of business located at 2510 W. Dunlap Avenue, Suite 650, Phoenix, Arizona 85021 and owns, operates, manages and/or charters ships, including the M/V WAN HAI 313 (hereinafter "vessel"), that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V WAN HAI 313, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

5. At all material times, Defendant, WAN HAI LINES LTD. (hereinafter "WHL") was and is a foreign corporation with an office and place of business located at 2510 W. Dunlap Avenue, Suite 650, Phoenix, Arizona 85021 and owns, operates, manages and/or charters ships, including the M/V WAN HAI 313, that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V WAN HAI 313, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

6. At all material times, Defendant, JENSON LOGISTICS, INC. (hereinafter "Jenson") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 200 South Garfield Avenue, Suite 102D,

2

Alhambra, California 91801, and at all relevant times was and is doing business in this jurisdiction as a non-vessel owning common carrier (nvocc).

7.  At all material times, the M/V WAN HAI 313 was a diesel-powered, ocean-going vessel engaged in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

8.  At all material times, defendants were and still are engaged in the business of common carriage of merchandise by water for hire, and owned, operated, managed, chartered, and/or otherwise controlled the M/V WAN HAI 313, as common carriers of merchandise by water for hire.

9.  Plaintiff was the consignee, owner and/or assured of the consignment hereinbelow described and brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST WHLS, WHL, JENSON, AND M/V WAN HAI 313

10. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 9, inclusive, as if herein set forth at length.

11. On or about April 13, 2007, a cargo consisting of 1,023 cartons of gift items, then being in good order and condition, and laden into container WHLU5264497, were delivered to the *in personam* defendants and/or their agents at the port of Ningbo, China for transportation to Los Angeles, California, U.S.A., in consideration of an agreed freight pursuant to WHL bill of lading no. WHLC0317508747 dated April 13, 2007 and pursuant to Jenson bill of lading no. H07040007 dated April 13, 2007.

12. Thereafter, the aforementioned cargo was loaded on board the M/V WAN HAI 313 and the vessel departed for the intended port of destination.

13. During the course of the Pacific Ocean crossing, the vessel encountered weather conditions such that seas washed across the weather deck of the vessel and causing the loss overboard of certain containers.

14. The defendants WHLS, WHL, Jenson, and M/V WAN HAI 313 failed to deliver the cargo to plaintiff at destination in the same good order and condition as when received by defendants at the port of loading. The aforementioned container, WHLU5264497, consisting of 1,023 cartons of gift items was lost overboard and was never recovered.

15. The damage to the aforementioned cargo did not result from any act or omission on the part of plaintiff or on the part of the shipper, but to the contrary, was the result in whole or in part, of the negligence and/or fault of defendants WHLS, WHL, Jenson and/or the unseaworthiness of the M/V WAN HAI 313.

16. By reason of the foregoing, plaintiff has sustained damages in the total amount of $31,250.00 plus expenses, no part of which has been paid, although duly demanded.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

17. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 16, inclusive, as if herein set forth at length.

18. As the owners, disponent owners, bareboat owners, charterers, and/or managers of the M/V WAN HAI 313, defendants WHLS, WHL, and Jenson were responsible for properly manning, maintaining and repairing the vessel and for otherwise exercising due diligence to ensure that the vessel was seaworthy and fit to carry the cargoes that were delivered to and

loaded on board the M/V WAN HAI 313 during the Pacific voyages. Moreover, the said defendants were sub-bailees of the cargo referred to in the First Cause of Action and in any event, as the party having custody and control of the property and chattels of others, said defendants were obligated to exercise due diligence to properly care for those cargoes, a responsibility which included exercising due diligence to ensure that the M/V WAN HAI 313 was seaworthy for the voyage to the United States.

19. The losses sustained by plaintiff were caused, in whole or in part, by the negligence and fault of defendants, and/or their agents, representatives and independent contractors for whose acts and omissions it was responsible, including, but not limited to, their failure to maintain the M/V WAN HAI 313 in a seaworthy condition.

20. By reason of the foregoing, plaintiff has sustained damages in the total amount of $31,250.00, plus expenses, no part of which has been paid, although duly demanded.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

21. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 20, inclusive, as if herein set forth at length.

22. Defendants, WHLS, WHL, and Jenson, as managers and owners of the M/V WAN HAI 313, were responsible for manning, maintaining and repairing the vessel.

23. The loss of the containers overboard, as described in the First Cause of Action, was caused in whole or in part, by the negligence and fault of the said defendants in failing to properly manage and operate the M/V WAN HAI 313, in failing to properly man the vessel and to train its officers and crew, and in failing to properly maintain the vessel, its hull and machinery.

24. By reason of the foregoing, plaintiff has sustained damages in the total amount of $31,250.00, plus expenses, no part of which has been paid, although duly demanded.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if Defendants cannot be found within this District, then all their property within this District be attached in the amount of $31,250.00, with interest thereon and costs, the sum sued for in this Complaint;

3. That judgment may be entered in favor of Plaintiff and against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

4. That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessel, its engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment in favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessel may be condemned and sold to pay therefore; and,

5. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      April 2, 2008
      299-545

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: *[signature]*
Martin F. Casey (MFC-1415)
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225